UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

TRACY A. PUZIO,

    Plaintiff,

v.

RAS LAVRAR, LLC,

    Defendant.

_____/

## **COMPLAINT**
## **JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here, Defendant is headquartered here and Defendant sent a letter into this District.

## **PARTIES**

3. Plaintiff, TRACY A. PUZIO, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida. She if formerly known as Tracy Craine.

4. Defendant, RAS LAVRAR, LLC, ("RAS") is a limited liability company formed under the laws of the State of Florida and citizen of the State of Florida with its principal place of business at Suite 100, 6409 Congress Avenue, Boca Raton, FL 33487.

5. Defendant is registered with the Florida Department of State Division of Corporations as a domestic limited liability company. Its registered agent for service of process is David J. Schneid, Suite 100, 6409 Congress Avenue, Boca Raton, FL 33487.

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts due to other parties.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect from Plaintiff an alleged debt arising from a credit card which Plaintiff used for her own personal, family and household purposes.

9. Plaintiff received a credit card with Capital One Bank, (USA), N. A. ("Capital One").

10. Plaintiff failed to make payments required by her agreement with Capital One.

11. Plaintiff's alleged debt went into default.

12. On or about April 3, 2014, Capital One filed suit against Plaintiff in Broward County Court seeking a judgment regarding the alleged debt. See Exhibit "A" attached.

13. On or about September 9, 2014, the County Court entered judgment against Plaintiff for $7,531.64 plus post judgment interest in the amount of 4.75% for the remainder of 2014 and thereafter at the amount established by Florida law. See Exhibit "B" attached.

14. At sometime after the entry of judgment, Capital One retained Defendant to collect the alleged debt.

15. On or about June 30, 2017, Defendant sent Plaintiff a letter seeking to collect the alleged debt, the "collection letter" or "letter", attached as Exhibit "C".

16. Plaintiff received the letter shortly thereafter.

17. The letter was the first communication Plaintiff received from Defendant regarding the alleged debt.

18. The letter contains disclosures required by 15 U.S.C. §1692g.

19. The disclosures contained in the letter are required only in an initial communication with a consumer regarding an alleged debt.

20. Because the letter contains disclosures required only in an initial communication and because it was the first letter Plaintiff received from Defendant, Plaintiff contends that the letter was the first communication Defendant sent to Plaintiff regarding the alleged debt.

21. The letter is silent on the issue of interest.

22. The letter does not state whether Capital One will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

23. The letter makes two representations as to the amount of the alleged debt:

Current Balance: $7603.59

and

 The amount of the debt: $7603.59 as of the date of this letter.

24. At the time Defendant sent its letter, the alleged debt was increasing due to post-judgment interest.

25. The letter does not state whether Capital One will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

26. The Second Circuit has held:

> We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

*Avila v. Riexinger & Assocs., LLC,* 817 F.3d 72 * (2d Cir. N.Y. Mar. 22, 2016)

27. One court in this district has agreed with the rationale of *Avila,* holding in a case based upon a similar letter:

> Based on the wording of the Collection Letters, if Plaintiff were to remit the "account balance" shown on the Letters, she would [*10] not know whether she had paid the debt in full. Thus, Plaintiff has adequately alleged a violation of § 1692e.

*Pimentel v. Nationwide Credit, Inc.*, 2017 U.S. Dist. LEXIS 188068 * (S.D. Fla. Nov. 9, 2017)

28. The representations of debt collectors are governed by the "least sophisticated consumer" standard. See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and

telephone calls, we adopt the [] standard of least sophisticated consumer…" (internal quotations and citations omitted).

29. Defendant deceptively and misleadingly stated the amount of the alleged debt.

30. On or about April 6, 2018, Plaintiff learned from her bank that her account, the sole balance of which consisted of her pay check of approximately $900 that had been deposited electronically that same day had been garnished by Defendant.

31. Thereafter, Plaintiff retained an attorney, Joel D. Lucoff, to represent her in the state court case.

32. On April 9, 2018, Plaintiff electronically filed, through her attorney, a Claim of Exemption in the County Court case, asserting that Plaintiff was exempt from garnishment because she is head of family and provides more than half the support for her child along and a separate claim of exemption that the garnished money is within the amount protected from garnishment by the Florida Constitution. See Exhibit "D" attached.

33. On April 9, 2018, Plaintiff's attorney electronically filed a notice of appearance informing Defendant of his representation. See Exhibit "E" attached.

34. Defendant received both the Claim of Exemption and notice of appearance on April 9, 2018 via the County Court filing system.

35. Defendant knew as of April 9, 2018, that Plaintiff was represented by counsel.

36. On April 10, 2018, Defendant filed a notice with the County Court and served it directly on Plaintiff , not her counsel. See Exhibit "F" attached.

37. On April 12, 2018, Plaintiff received the notice via US Mail.

38. Defendant communicated with Plaintiff regarding an alleged debt when Defendant knew Plaintiff was represented by counsel.

## COUNT I
## MISLEADING REPRESENTATION OF THE AMOUNT OF THE ALLEGED DEBT

39. Plaintiff incorporates Paragraphs 1 through 38.

40. Defendant's letter deceptively and misleadingly states the amount of the alleged debt by failing to disclose either whether the balance may increase due to interest or whether Capital One will accept payment of the stated amount in full satisfaction of the debt if payment is made by a specified date, in violation of 15 U.S.C. §1692e. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016); *Pimentel v. Nationwide Credit, Inc.*, 2017 U.S. Dist. LEXIS 188068 * (S.D. Fla. Nov. 9, 2017).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATION WITH A CONSUMER KNOWN TO BE REPRESENTED BY COUNSEL

41. Plaintiff incorporates Paragraphs 1 through 38.

42. Defendant communicated directly with Plaintiff by mailing Exhibit "F" directly to her when Defendant knew Plaintiff was represented by counsel in violation of 15 U.S.C. §1692c(A)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

    DONALD A. YARBROUGH, ESQ.
    Attorney for Plaintiff
    Post Office Box 11842
    Ft. Lauderdale, FL 33339
    Telephone: 954-537-2000
    Facsimile: 954-566-2235
    don@donyarbrough.com

    By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658